

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*George L. Brandley*  *970 Broad Street, 7th Floor*
*Assistant United States Attorney*  *Newark, New Jersey 07102*
  *(973) 645-2700*

GLB/2255

July 31, 2025

**BY ECF**

Honorable Susan D. Wigenton
United States District Judge
Martin Luther King, Jr. Federal Building
    & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

    Re: *Narik Wilson v. United States*,
      Civ. No. 24-7864 (related to Crim. No. 13-787)

Dear Judge Wigenton:

  The Government opposes Defendant Narik Wilson's ("Wilson") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* D.E. 8 ("Mot."). In the motion, Wilson claims that this Court's 360-month sentence is unconstitutional. For the reasons set forth below, this Court should deny the motion without an evidentiary hearing and decline to issue a Certificate of Appealability.

**I. Background**

  **A. Facts**

  Wilson was a member and associate of the sub-group or "set" of the Bloods Street gang, known as "Sex Money Murder" (SMM). Wilson was a leader and held the top rank of "OG," which was short for "Original Gangster" in SMM. As an SMM leader, Wilson committed and directed others to commit acts of murder, attempted murder, assault, robbery, auto theft, and drug distribution. Under Wilson's leadership, and with the assistance of Wilson's co-defendants, the members and associates of SMM participated in unlawful activities in furtherance of the conduct of SMM's affairs.

  For example, one of the racketeering acts that Wilson participated in involved the murder of Victim 8. Wilson admitted during a court proceeding on July 14, 2011,

that he directed members of the SMM to kill an individual in retaliation for the killing of an SMM member carried out by a rival street gang. Wilson also admitted in court proceedings to his involvement in the attempted murders of three other victims. Specifically, Wilson admitted that he directed members of SMM to kill those three victims in retaliation for a shooting of SMM members carried out by rival street gang.

In court proceedings, Wilson also admitted that between January 2007 through March 2013, he was responsible for the distribution of more than one kilogram of heroin distributed to street-level dealers for SMM in or around Newark, New Jersey.

### B. Procedural History

On November 1, 2016, Wilson pled guilty to conspiracy to racketeering in violation of 18 U.S.C. § 1962(d). *See* Crim. No. 13-787 at D.E. 66. Wilson admitted that his conduct in Count 2 of the Superseding Indictment consisted of at least two of the following acts of racketeering: (1) murder conspiracy and attempted murder; (2) murder; and (3) conspiracy to distribute one kilogram or more of heroin. *Id.*

On June 21, 2017, Your Honor sentenced Wilson to 360-months' imprisonment with credit for time served in custody on a related Criminal Case No. 11-647 (D.N.J), and five-year term of supervised release, pursuant to a Rule 11(c)(1)(C) plea agreement between Wilson and the Government. *See id.* at D.E. 88. That sentence fell below the guidelines range of life imprisonment. According to BOP, Wilson's estimated release date, assuming good time credit, is November 16, 2037, about sixteen years from now. If he loses his good conduct time, his release date will be August 24, 2041.

## II. Argument

Wilson argues that his 360-month sentence is unconstitutional in light of the United States Supreme Court's decision in *Erlinger v. United States*. 602 U.S. 821 (2024). In *Erlinger*, the Court held that the factual question of whether a defendant's past offenses were committed on separate occasions for purposes of applying the Armed Career Criminal Act's increased minimum and maximum penalties could only be resolved by a jury verdict or defendant's own admission and not by a sentencing judge. Wilson argues that *Erlinger* renders his sentence unconstitutional because it exceeds the 20-year maximum penalty contained in 18 U.S.C. § 1963(a). This claim is baseless.

The sentencing provisions of § 1963(a) plainly permitted the Court to impose a sentence of life imprisonment where—*as is the case here*—the underlying racketeering activity is punishable by life imprisonment. Granted, the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), requires a jury finding or a guilty-plea

admission to the facts that increase the statutory range from 20 years to life imprisonment. But the Defendant expressly admitted in both his plea agreement, *see* D.E. 66, and plea colloquy, *see* Plea Hearing Tr. at 11-19, that his § 1962(d) violation was—to use § 1963's phrasing—"based on" *three separate* racketeering acts punishable by life in prison:

1. Murder conspiracy and attempted murder in violation of N.J.S.A. 2C:5-1 and 2C:2-6;

2. Murder in violation of N.J.S.A. 2C: 11-3(a)(1) and (a)(2) and 2C:2-6; and

3. Conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846 (contrary to 21 U.S.C. § 841(b)(1)(A)).

In light those admissions, the Court correctly applied § 1963(a) in sentencing him to more than 20 years' imprisonment. *See United States v. Melgarejo*, 556 F. App'x 601 (9th Cir. 2014) (unpublished) ("Because Melgarejo admitted that he was guilty of this [a drug conspiracy governed by § 841(b)(1)(A)], his 262 month sentence does not violate *Apprendi*.").

Wilson suggests that *Erlinger* now requires a defendant to plead guilty to or otherwise admit under oath the statutory elements of § 1963(a) for this Court to exceed the 20-year maximum. Not so. Again, *Erlinger* held that factual matters affecting a defendant's sentencing exposure under ACCA must be resolved by a jury's verdict or the defendant's admission. Here, the relevant factual question is whether the Defendant's § 1962(d) violation was "based on" racketeering acts punishable by life imprisonment. Given that he admitted doing so, his statutory range rose from 20 to life under § 1963(a) consistent with *Apprendi*'s Sixth Amendment holding.

### III.  Conclusion

For the foregoing reasons, the Government respectfully submits that this Court should deny Wilson's § 2255 motion on the papers because "the motion and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b). And this Court should decline to issue a certificate of appealability because Wilson has not "made a substantial showing of the denial of a constitutional right." *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings ("The district

court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

                                      Respectfully submitted,

                                      ALINA HABBA
                                      Acting United States Attorney

                                      *s/George L. Brandley*
                                      By: George L. Brandley
                                      Assistant U.S. Attorney


cc:    Narik Wilson
        Hazleton F.C.I.
        P.O. Box 5000
        Bruceton Mills, WV 26525