Narik Wilson
Reg. No. 63724-050
Hazelton F.C.I.
P.O. Box 5000
Bruceton Mills, WV., 26525

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2025 SEP 12  A 10: 5ᴏ

In The

United States District Court

For The District of New Jersey

| | | |
|---|---|---|
| United states of america,<br>  Plaintiff-Respondent, | §<br><br>§ | Case No. 13-CR-787 |
| v. | §<br><br>§ | Wilson Submits His Answer To<br>The Government's Opposition<br>To His § 2255 |
| Narik Wilson,<br>  Defendant-Movant. _____/ | § | |

To The Honorable United States District Judge, Susan Wigenton, From The
District of New Jersey:

Narik Wilson ("Wilson"), is acting without counsel seeking the
vacatur of his fundamentally inapt sentence of 30-years, and filed under
28 U.S.C. § 2255 after the decision in Erlinger v. United States, 144
S. Ct. 1840 (2024), arguing that 18 U.S.C. § 1963 was not in the indictment
nor expressly admitted by Wilson. Admittedly, one than a year has passed,
and this Court observed that fact in its February 26, 2025 order where
ordered "that **if** the amended motion appears to be untimely under the
the Antiterrorism and Effective Death Penalty Act, the United States may
file a motion to dismiss within 60-days of the date of this order filed,
only timeliness grounds only, provided that the motion: (1) attaches
exhibits that evince all relevant court filing dates; (2) contain
legal arguments discussing pertinent timeliness law; and (3) demonstrates
that an answer on the merits is unnecessry. . . . ". Dk # 7, at *2

That responnse was due on April 25th 2025, but the Government failed to timely repsond and instead filed an out-of-time motion to extend the time, thereby waiving any potential peocedural aefenses. Wilson filed immediately objections raising the waiver arguments under Wood v. Milyard, 566 U.S. 463 (2012). That means twice the Government was placed on notice of a potential procedural cefense and decided not to address the matters. This Court granted the United States an additional 60-days from the tardy already untimely motion to extend and finally on July 31, 2025 the Government filed its response addressing with it viewed as the merits of Wilson's motion without as much as a passing mention of whether the motion was timely, Erlinger was retractive, procedurally defaulted, or waived by the plea agreement. As such under Milyard this Court is no permiited to address those matter. See United States v. Dowdell, 70 F. 4th 134 (3rd Circuit 2023). IN the Dowdell, the Government appearently had a winning argument but twice had been aked by the Court if that was its position regarding when the police open the door in a search case.

"After ruling that the evidence would br suppressed because the Government failed to establish that Gambino opened the door without violating Dowdell's Fourth Amendment rights, the Court suggested that! ther Government might have made an alternative argument:

> I want to make clear for purposes of review that
> I do think the Government had an alternative
> analysis that was available to them, but it was
> raised by the Government. It seems, to me, if
> the Government had raised the alternative analysis,
> the Government would have prevailed, but I do not
> think it would be fair to rule an issue based
> on an argument not raised by the Government.

Dowdell, 70 F. 4t at 5; 2023 U.S. App. LEXIS 13664, at *5-6.

The Court then re-emphasized that the alternative argument had
never been made, so it was waived. Id. IN that vein, the Third
Circuit found cannot "reach waived arguments. Id. at *10 (citing
Wood, 566 U.S. at 471 & n.5.). Here, the United States could have
argued against Wilson on multiple procedural grounds and failed to
do so even though the Court had advised it of timeliness and Wilson
brought to the Court attention in his objections giving the Government
another opportunity to raise any other procedural defense such as the
retroactivity of Erlinger, procedural default or any potential waiver
that may have appeared in the plea agreement. Therefore, those
arguments are waived, and this Court is not free to resurrect the
procedural problems, even if they did exist.

    I.   The Government's Merits Response Fails And
           Must Be Denied Under Party Presentation
           Principles

    A.   The Due Proces Clause As Argued By Wilson

In the Government mind, it was enough to cite the three racketeering
acts and have Wilson admit them. And it "phrasing" § 1963 "based on"
three separate racketeering acts. But the United States can nowhere
suggest or prove that 18 U.S.C. § 1963 was charged or that it had
included that language in either the plea agreement or the plea
colloquy. Interestingly, the Government acknowledges that: "Granted
the holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), requires
a jury finding or guilty-plea admission to the facts that increase
the statutory range from 20 years to life in prison." It is true that

Wilson admitted to three rackeering acts amd that they are the ones
listed in the transcripts and the plea agreement.  The plea agreement
even states:  "the violation of Title 18, United States Code, Section
1962(d) to which the defendant has agreed to plead guilty carries a
statutory maximum prison sentence of life imprisonment. . . . "  But that
is based on the fact "based on" within § 1963(a) which was not charged
or admitted by wilson.  According to the United States it was met
by some apparent use of the phrasing "based on" in § 1963.   But the
"based on" text is nowher in the indictment, plea transcripts or plea
agreement.  Had the Government charged § 1963, concisely included the
penalties for the purported racketeering acts and then asked Wilson
if he admitted to their correctness, then, and only then, would
his specific § 1962(d) carry life in prison other wise wilson was
subject to no more than twenty-years.  Due process constitutionally
requires more than phrasing a factor in some way and then use it as
a reason to increase the otherwise applicable statutory maximum.

    Under the Government approach simply informing a defendant of a
penalty regardless of its  correctness would overcome the findings in
in Apprandi and Erlinger.  Under the Goernment's approach it could
inform a defendant peolalty and no have to explain why the penalty
is so severe.  Instead of powering its sails and admitting to its
error it attempts to convince this Court that it is alright to
deny his claim without following the commands in Erlinger.  In other
Wilson pled guilty to § 1962(d) with no mention of § 1963's expressed
facts to increase the otherwise twenty-years.  That is, the express
identification of one statute implies an intentional exclusion of the
others.  See United States v. Nasir, 782 F. 3d 144, 159 (3rd Cir. 2020)

-4-

(explaining that the Maxim _expressio unius est exclusio alterius:_
the expression of one thing is the exclusion of the other); _see
also NLRB v. SW Gem. Inc.,_ 137 S. Ct. 929, 940 (2017)("If a sign at the
enterance of a zoo says 'come the elephant, lion, hippo, and giraffe,'
and a temporary sign is added saying 'the giraffe is sick;' you
would reasonably assume the others are in good health.").

The _Erlinger_ decision was clear: "The Fifth Amendment further
promises that the Government may not deprive individuals of their
liberty without due process of law. It is a promise that safeguards
for criminal defendants thos procedural protections well established
at common law, including the ancient rule that the government must
prove every one of its charges beyond a reasonable doubt." _Id._ at 1849
(quoting _United States v. Haymond_, 588 U.S. 634, 641 (2019)(pluraity
opinion); _see Apprrendi_, 530 U.S, at 477-78; _United States v. Gaudin_,
515 U.S. 506, 510 (1995);; _Sullivan Louisiana_, 508 U.S. 275, 277-78
(1993)(internal quotation marks omitted))). The Fifth and Sixth
Amendments placed the jury at the heart of our criminal justice system.
"From the start, those provisions were understood to require the
government to include in its criminal charges 'all the facts and
circumstances which constitute the offence.'" _Apprendi_, 466 U.S. at
478(quoting J. Archbold, Pleading and Evidence in Criminal Cases 44
(15th ed. 1862)). "Should an indictment or accusation . . . lack **any**
particular fact which the laws ma[d]e esstential to the punsihment,'
it was treated as 'no accusation." _Erlinger_, 144 S. Ct. 1849 (quoting
_Haymond_, 588 U.S. at 642) In other words, in a plea case the penalty
is controlled by what is expressly admitted not phrasing intended to
mean that a defendant would be subjected to a higher sentence than

plea allows.  Erlinger requires more.

That is, following Erlinger and the inclusion of the occasions clause to be charged in the indictment and proved beyond a reasonable doubt (or expressly admitted by a defendant), section 1963 and its language (that provision's clause) and all that is required to increase a penalty above the otherwise applicable statutory maximum must comport with due process.  No one in this case contests that 18 U.S.C. § 1962 has a starting penalty of twenty-years.  It is what follows that increases that penalty from the statutory maximum of 20-years to a potential life-time of incarceration.  One of the facets to convict under § 1962 is a "pattern of racketeering activity" and this it is this element that controls the sentence udner § 1963.  Section 1963 has a clause cited above that is relevant to whether a defendant may be sentenced above the 20-years maximum:  "Or for life **if** the violation is based on a racketeering act for which the maximum penalty includes life."   18 U.S.C. § 1963(a).  After Erlinger it is critical to the penalty whether one of these acts includes life, and therefore the characteristics of those acts must be charged in the indictment and determinied by a jury beyond a reasonable doubt (or expressly admitted by the defenadnt).

For this case, the Government cites that Wilson admitted to the three racketerring act listed in the plea agreement mentioned in the plea colloquy.  There are facets of those acts that, following Erlinger must also be charged and proved (or admitted by Wilson).  Since they are the footing for the increased penalty whether one of those acts "includes life" is as constitutionally important as any other factor

that increases the applicable statutory maximum.  While Wilson may

not argue as far as treating the racketeering acts as elements, but

whether one of them include life as a penalty is, a fortiori, a

factor that must be charged and admitted in a plea and at the plea

plea colloquy.  In the absence of such knowledge it cannot said that

was provided due process in light of Erlinger.  As the Supreme Court

observed in Apprendi:

> "Where a statute annexes a higher **degree** of punishment
> of a common-law felony, if committed under particular
> circumstances, an indictment of the offence, in order
> to bring the defendant within the higher degree, must
> expressly charge it to have been committed under
> those circumstances, and must state the circumstances
> with certainty and precision."

530 U.S. at 480 (quoting 2 M. Hale, Pleas of the Crown *170).


For this case, the United States, instead of recognizing that

"[v]irtually any fact that increase[s] the prescribed range of

penalties to which a criminal defendant is exposed must be resolved

by a unanimous jury beyond a reasonable doubt (or freely admitted

in a guilty plea).  Erlinger, 144 S. Ct. at 1851 (quoting Apprendi,

530 U.S. at 490:  Brief for the United States (as cited in Erlinger).

The Government's theory that the "phrasing" permitted this Court

to invoke § 1963 is simply not what the Apprendi line of cases

permit and it is not what the Constitution allows.  Put simply,

the Government's ⁿphrasing" argument literally disregards every

Supreme Court decision since Apprendi and is not tolerated after

Erlinger.  The Government does not even attempt to suggest that it

charged § 1963(a), or that it was explained in the pela colloquy or

Wilson's plea.  As the <u>Erlinger</u> quoted:  "These principles are not
procedural formalities but fundamental reservation[s] to the
American people."  144 S. Ct. 1850 (quoting <u>Blakely v. Washington</u>,
542 U.S. 296, 305-06 (2004)(internal quotation marks omitted))).
In other words, whether its the "proximity" location, whether they
"simimlar" or "intertwined" facts such whether "a racketeering act"
included life is such a fact that must be charged and proved beyond
a reasonable or would have to be expressly admitted by Wilson, not
simply "phrased" to comport with our Constitution.  The Government's
argument is not only unpersuasive, but cannot be sqaured with the
holding in <u>Erlinger</u>, and the sentnece in this case must be vacated
and Wilson sentenced to no more than twenty-years.  Counsel must be
if any further briefing is required and for his resenencing.

Filed this 28th day of August 2025 under the penalty of perjury.

Narik Wislon.

Narik Wilson
Reg. No. 63724-050
Hazelton F.C.I.
P.O. Box 5000
Bruceton Mills, WV., 26525

In The

United States District Court

For The District of New Jersey

| | | |
|---|---|---|
| United states of america, | § | Case No. 13-CR-787 |
|   Plaintiff-Respondent, | § | |
| | § | Wilson Submits His Answer To |
| v. | | The Government's Opposition |
| | § | To His § 2255 |
| Narik Wilson, | § | |
|   Defendant-Movant.     / | | |

To The Honorable United States District Judge, Susan Wigenton, From The
District of New Jersey:

     Narik Wilson ("Wilson"), is acting without counsel seeking the
vacatur of his fundamentally inapt sentence of 30-years, and filed under
28 U.S.C. § 2255 after the decision in Erlinger v. United States, 144
S. Ct. 1840 (2024), arguing that 18 U.S.C. § 1963 was not in the indictment
nor expressly admitted by Wilson. Admittedly, one than a year has passed,
and this Court observed that fact in its February 26, 2025 order where
ordered "that **if** the amended motion appears to be untimely under the
the Antiterrorism and Effective Death Penalty Act, the United States may
file a motion to dismiss within 60-days of the date of this order filed,
only timeliness grounds only, provided that the motion: (1) attaches
exhibits that evince all relevant court filing dates; (2) contain
legal arguments discussing pertinent timeliness law; and (3) demonstrates
that an answer on the merits is unnecessry. . . . ". Dk # 7, at *2

That responnse was due on April 25th 2025, but the Government
failed to timely repsond and instead filed an out-of-time motion to
extend the time, thereby waiving any potential peocedural aefenses.
Wilson filed immediately objections raising the waiver arguments
under Wood v. Milyard, 566 U.S. 463 (2012).  That means twice the
Government was placed on notice of a potential procedural cefense and
decided not to address the matters.  This Court granted the United
States an additional 60-days from the tardy already untimely motion
to extend and finally on July 31, 2025 the Government filed its
response addressing with it viewed as the merits of Wilson's motion
without as much as a passing mention of whether  the motion was timely,
Erlinger was retractive, procedurally defaulted, or waived by the plea
agreement.  As such  under Milyard this Court is no permiited to
address those matter.  See United States v. Dowdell, 70 F. 4th 134 (3rd
Circuit 2023).  IN the Dowdell, the Government appearently had a
winning argument but twice had been aked by the Court if that was
its position regarding when the police open the door in a search case.

"After ruling that the evidence would br suppressed because the
Government failed to establish that Gambimo opened the door without
violating Dowdell's Fourth Amendment rights, the Court suggested that
the Government might have made an alternative argument:

>     I want to make clear for purposes of review that
>     I do think the Government had an alternative
>     analysis that was available to them, but it was
>     raised by the Government.  It seems, to me, if
>     the Government had raised the alternative analysis,
>     the Government would have prevailed, but I do not
>     think it would be fair to rule an issue based
>     on an argument not raised by the Government.

Dowdell, 70 F. 4t at 5; 2023 U.S. App. LEXIS 13664, at * 5-6.

The Court then re-emphasized that the alternative argument had
never been made, so it was waived. Id. IN that vein, the Third
Circuit found cannot "reach waived arguments. Id. at * 10 (citing
Wood, 566 U.S. at 471 & n.5.). Here, the United States could have
argued against Wilson on multiple procedural grounds and failed to
do so even though the Court had advised it of timeliness and Wilson
brought to the Court attention in his objections giving the Government
another opportunity to raise any other procedural defense such as the
retroactivity of Erlinger, procedural default or any potential waiver
that may have appeared in the plea agreement. Therefore, those
arguments are waived, and this Court is not free to resurrect the
procedural problems, even if they did exist.

I.   The Government's Merits Response Fails And
     Must Be Denied Under Party Presentation
     Principles

   A.   The Due Proces Clause As Argued By Wilson

In the Government mind, it was enough to cite the three racketeering
acts and have Wilson admit them. And it "phrasing" § 1963 "based on"
three separate racketeering acts. But the United States can nowhere
suggest or prove that 18 U.S.C. § 1963 was charged or that it had
included that language in either the plea agreement or the plea
colloquy. Interestingly, the Government acknowledges that: "Granted
the holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), requires
a jury finding or guilty-plea adimission to the facts that increase
the statutory range from 20 years to life in prison." It is true that

-3-

Wilson admitted to three racketering acts and that they are the ones
listed in the transcripts and the plea agreement. The plea agreement
even states: "the violation of Title 18, United States Code, Section
1962(d) to which the defendant has agreed to plead guilty carries a
statutory maximum prison sentence of life imprisonment. . . . " But that
is based on the fact "based on" within § 1963(a) which was not charged
or admitted by wilson. According to the United States it was met
by some apparent use of the phrasing "based on" in § 1963. But the
"based on" text is nowher in the indictment, plea transcripts or plea
agreement. Had the Government charged § 1963, concisely included the
penalties for the purported racketeering acts and then asked Wilson
if he admitted to their correctness, then, and only then, would
his specific § 1962(d) carry life in prison other wise wilson was
subject to no more than twenty-years. Due process constitutionally
requires more than phrasing a factor in some way and then use it as
a reason to increase the otherwise applicable statutory maximum.

Under the Government approach simply informing a defendant of a
penalty regardless of its correctness would overcome the findings in
in Apprendi and Erlinger. Under the Goernment's approach it could
inform a defendant penlalty and no have to explain why the penalty
is so severe. Instead of powering its sails and admitting to its
error it attempts to convince this Court that it is alright to
deny his claim without following the commands in Erlinger. In other
Wilson pled guilty to § 1962(d) with no mention of § 1963's expressed
facts to increase the otherwise twenty-years. That is, the express
identification of one statute implies an intentional exclusion of the
others. See United States v. Nasir, 782 F. 3d 144, 159 (3rd Cir. 2020)

(explaining that the Maxim <u>expressio</u> <u>unius</u> <u>est</u> <u>exclusio</u> <u>alterius:</u> the expression of one thing is the exclusion of the other); <u>see</u> <u>also</u> <u>NLRB v. SW Gem. Inc.,</u> 137 S. Ct. 929, 940 (2017)("If a sign at the enterance of a zoo says 'come the elephant, lion, hippo, and giraffe,' and a temporary sign is added saying 'the giraffe is sick;' you would reasonably assume the others are in good health.").

The <u>Erlinger</u> decision was clear: "The Fifth Amendment further promises that the Government may not deprive individuals of their liberty without due process of law. It is a promise that safeguards for criminal defendants thos procedural protections well established at common law, including the ancient rule that the government must prove every one of its charges beyond a reasonable doubt." <u>Id.</u> at 1849 (quoting <u>United States v. Haymond</u>, 588 U.S. 634, 641 (2019)(plurality opinion); <u>see</u> <u>Apprrendi</u>, 530 U.S, at 477-78; <u>United States v. Gaudin</u>, 515 U.S. 506, 510 (1995);; <u>Sullivan Louisiana</u>, 508 U.S. 275, 277-78 (1993)(internal quotation marks omitted))). The Fifth and Sixth Amendments placed the jury at the heart of our criminal justice system. "From the start, those provisions were understood to require the government to include in its criminal charges 'all the facts and circumstances which constitute the offence.'" <u>Apprendi</u>, 466 U.S. at 478(quoting J. Archbold, Pleading and Evidence in Criminal Cases 44 (15th ed. 1862)). "Should an indictment or accusation . . . lack **any** particular fact which the laws ma[d]e esstential to the punsihment,' it was treated as 'no accusation." <u>Erlinger</u>, 144 S. Ct. 1869 (quoting <u>Haymond</u>, 588 U.S. at 642) In other words, in a plea case the penalty is controlled by what is expressly admitted not phrasing intended to mean that a defendant would be subjected to a higher sentence than

-5-

plea allows.   Erlinger requires more.

    That is, following Erlinger and the inclusion of the occasions
clause to be charged in the indictment and proved beyond a reasonable
doubt (or expressly admitted by a defendant), section 1963 and its
language (that provision's clause) and all that is required to increase
a penalty above the otherwise applicable statutory maximum must
comport with due process.  No one in this case contests that 18 U.S.C.
§ 1962 has a starting penalty of twenty-years.  It is what follows
that increases that penalty from the statutory maximum of 20-years to
a potential life-time of incarceration.  One of the facets to convict
under § 1962 is a "pattern of rackteering activity" and this it is this
element that controls the sentence udner § 1963.  Section 1963 has
a clause cited above that is relevant to whether a defendant may
be sentenced above the 20-years maximum:  "Or for life if the violation
is based on a racketeering act for which the maximum penalty includes
life."   18 U.S.C. § 1963(a).  After Erlinger it is critical to the
penalty whether one of these acts includes life, and therefore the
characteristics of those acts must be charged in the indictment and
determinied by a jury beyond a reasonable doubt (or expressly admitted
by the defenadnt).

    For this case, the Government cites that Wilson admitted to the
three racketerring act listed in the plea agreement mentioned in the
plea colloquy.   There are facets of those acts that, following Erlinger
must also be charged and proved (or admitted by Wilson).  Since they
are the footing for the increased penalty whether one of those acts
"includes life" is as constitutionally important as any other factor

-6-

that increases the applicable statutory maximum. While Wilson may
not argue as far as treating the racketeering scts as elements, but
whether one of them include life as a penalty is, a fortiori, a
factor that must be charged and admitted in a plea and at the plea
plea colloquy. In the absence of such knowledge it cannot said that
was provided due process in light of Erlinger. As the Supreme Court
observed in Apprendi:

> "Where a statute annexes a higher **degree** of punishment
> of a common-law felony, if committed under particular
> circumstances, an indictment of the offence, in order
> to bring the defendant within the higher degree, must
> expressly charge it to have been committed under
> those circumstances, and must state the circumstances
> with certainty and precision."

530 U.S. at 480 (quoting 2 M. Hale, Pleas of the Crown * 170).


For this case, the United States, instead of recognizing that
"[v]irtually any fact that increase[s] the prescribed range of
penalties to which a criminal defendant is exposed must be resolved
by a unanimous jury beyond a reasonable doubt (or freely admitted
in a guilty plea). Erlinger, 144 S. Ct. at1851 (quoting Apprendi,
530 U.S. at 490:  Brief for the United States (as cited in Erlinger).
The Government's theory that the "phrasing" permitted this Court
to invoke § 1963 is simply not what the Apprendi line of cases
permit and it is not what the Constitution allows.  Put simply,
the Government's "phrasing" argument literally disregards every
Supreme Court decision since Apprendi and is not tolerated after
Erlinger.  The Government does not even attempt to suggest that it
charged § 1963(a), or that it was explained in the pela colloquy or

-7-

Wilson's plea. As the <u>Erlinger</u> quoted: "These principles are not procedural formalities but fundamental reservation[s] to the American people." 144 S. Ct. 1850 (quoting <u>Blakely v. Washington</u>, 542 U.S. 296, 305-06 (2004)(internal quotation marks omitted))). In other words, whether its the "proximity" lacation, whether they "simimlar" or "intertwined" facts such whether "a racketeering act" included life is such a fact that must be charged and proved beyond a reasonable or would have to be expressly admitted by Wilson, not simply "phrased" to comport with our Constitution. The Government's argument is not only unpersuasive, but cannot be sqaured with the holding in <u>Erlinger</u>, and the sentnece in this case must be vacated and Wilson sentenced to no more than twenty-years. Counsel must be if any further briefing is required and for his resenencing.

Filed this 28th day of August 2025 under the penalty of perjury.

Narik Wislon.

Narik Wilson
Reg. No. 63724-050
Hazelton F.C.I.
P.O. Box 5000
Bruceton Mills, WV., 26525

In The
United States District Court
For The District of New Jersey

| | | |
|---|---|---|
| | § | |
| United states of america, | | Case No. 13-CR-787 |
|   Plaintiff-Respondent, | § | |
| | § | Wilson Submits His Answer To The Government's Opposition To His § 2255 |
| v. | | |
| | § | |
| Narik Wilson, | § | |
|   Defendant-Movant. | / | |

To The Honorable United States District Judge, Susan Wigenton, From The District of New Jersey:

Narik Wilson ("Wilson"), is acting without counsel seeking the vacatur of his fundamentally inapt sentence of 30-years, and filed under 28 U.S.C. § 2255 after the decision in Erlinger v. United States, 144 S. Ct. 1840 (2024), arguing that 18 U.S.C. § 1963 was not in the indictment nor expressly admitted by Wilson. Admittedly, one than a year has passed, and this Court observed that fact in its February 26, 2025 order where ordered "that **if** the amended motion appears to be untimely under the the Antiterrorism and Effective Death Penalty Act, the United States may file a motion to dismiss within 60-days of the date of this order filed, only timeliness grounds only, provided that the motion: (1) attaches exhibits that evince all relevant court filing dates; (2) contain legal arguments discussing pertinent timeliness law; and (3) demonstrates that an answer on the merits is unnecessry. . . . ". Dk # 7, at *2

That responnse was due on April 25th 2025, but the Government failed to timely repsond and instead filed an out-of-time motion to extend the time, thereby waiving any potential peocedural defenses. Wilson filed immediately objections raising the waiver arguments under Wood v. Milyard, 566 U.S. 463 (2012). That means twice the Government was placed on notice of a potential procedural defense and decided not to address the matters. This Court granted the United States an additional 60-days from the tardy already untimely motion to extend and finally on July 31, 2025 the Government filed its response addressing with it viewed as the merits of Wilson's motion without as much as a passing mention of whether the motion was timely, Erlinger was retractive, procedurally defaulted, or waived by the plea agreement. As such under Milyard this Court is no permiited to address those matter. See United States v. Dowdell, 70 F. 4th 134 (3rd Circuit 2023). IN the Dowdell, the Government appearently had a winning argument but twice had been aked by the Court if that was its position regarding when the police open the door in a search case.

"After ruling that the evidence would br suppressed because the Government failed to establish that Gambiмo opened the door without violating Dowdell's Fourth Amendment rights, the Court suggested that the Government might have made an alternative argument:

> I want to make clear for purposes of review that
> I do think the Government had an alternative
> analysis that was available to them, but it was
> raised by the Government. It seems, to me, if
> the Government had raised the alternative analysis,
> the Government would have prevailed, but I do not
> think it would be fair to rule an issue based
> on an argument not raised by the Government.

-2-

<u>Dowdell</u>, 70 F. 4t at 5; 2023 U.S. App. LEXIS 13664, at * 5-6.

The Court then re-emphasized that the alternative argument had never been made, so it was waived. <u>Id.</u> IN that vein, the Third Circuit found cannot "reach waived arguments. <u>Id.</u> at * 10 (citing <u>Wood</u>, 566 U.S. at 471 & n.5.). Here, the United States could have argued against Wilson on multiple procedural grounds and failed to do so even though the Court had advised it of timeliness and Wilson brought to the Court attention in his objections giving the Government another opportunity to raise any other procedural defense such as the retroactivity of <u>Erlinger</u>, procedural default or any potential waiver that may have appeared in the plea agreement. Therefore, those arguments are waived, and this Court is not free to resurrect the procedural problems, even if they did exist.

I.   The Government's Merits Response Fails And
     Must Be Denied Under Party Presentation
     Principles

   A.   The Due Proces Clause As Argued By Wilson

In the Government mind, it was enough to cite the three racketeering acts and have Wilson admit them. And it "phrasing" § 1963 "based on" three separate racketeering acts. But the United States can nowhere suggest or prove that 18 U.S.C. § 1963 was charged or that it had included that language in either the plea agreement or the plea colloquy. Interestingly, the Government acknowledges that: "Granted the holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), requires a jury finding or guilty-plea adimission to the facts that increase the statutory range from 20 years to life in prison." It is true that

Wilson admitted to three rackeering acts amd that they are the ones
listed in the transcripts and the plea agreement.  The plea agreement
even states:  "the violation of Title 18, United States Code, Section
1962(d) to which the defendant has agreed to plead guilty carries a
statutory maximum prison sentence of life imprisonment. . . . "  But that
is based on the fact "based on" within § 1963(a) which was not charged
or admitted by wilson.  According to the United States it was met
by some apparent use of the phrasing "based on" in § 1963.  But the
"based on" text is nower in the indictment, plea transcripts or plea
agreement.  Had the Government charged § 1963, concisely included the
penalties for the purported racketeering acts and then asked Wilson
if he admitted to their correctness, then, and only then, would
his specific § 1962(d) carry life in prison other wise wilson was
subject to no more than twenty-years.  Due process constitutionally
requires more than phrasing a factor in some way and then use it as
a reason to increase the otherwise applicable statutory maximum.

Under the Government approach simply informing a defendant of a
penalty regardless of its  correctness would overcome the findings in
in Apprandi and Erlinger.  Under the Goernment's approach it could
inform a defendant penlalty and no have to explain why the penalty
is so severe.  Instead of powering its sails and admitting to its
error it attempts to convince this Court that it is alright to
deny his claim without following the commands in Erlinger.  In other
Wilson pled guilty to § 1962(d) with no mention of § 1963's expressed
facts to increase the otherwise twenty-years.  That is, the express
identification of one statute implies an intentional exclusion of the
others.  See United States v. Nasir, 782 F. 3d 144, 159 (3rd Cir. 2020)

(explaining that the Maxim <u>expressio</u> <u>unius</u> <u>est</u> <u>exclusio</u> <u>alterius:</u>
the expression of one thing is the exclusion of the other); <u>see</u>
<u>also</u> <u>NLRB v. SW Gem. Inc.,</u> 137 S. Ct. 929, 940 (2017)("If a sign at the
enterance of a zoo says 'come the elephant, lion, hippo, and giraffe,'
and a temporary sign is added saying 'the giraffe is sick;' you
would reasonably assume the others are in good health.").

The <u>Erlinger</u> decision was clear:  "The Fifth Amendment further
promises that the Government may not deprive individuals of their
liberty without due process of law.  It is a promise that safeguards
for criminal defendants thos procedural protections well established
at common law, including the ancient rule that the government must
prove every one of its charges beyond a reasonable doubt." <u>Id.</u> at 1849
(quoting <u>United States v. Haymond</u>, 588 U.S. 634, 641 (2019)(plurality
opinion); <u>see</u> <u>Apprrendi</u>, 530 U.S. at 477-78; <u>United States v. Gaudin</u>,
515 U.S. 506, 510 (1995);; <u>Sullivan Louisiana</u>, 508 U.S. 275, 277-78
(1993)(internal quotation marks omitted))).  The Fifth and Sixth
Amendments placed the jury at the heart of our criminal justice system.
"From the start, those provisions were understood to require the
government to include in its criminal charges 'all the facts and
circumstances which constitute the offence.'" <u>Apprendi</u>, 466 U.S. at
478(quoting J. Archbold, Pleading and Evidence in Criminal Cases 44
(15th ed. 1862)).  "Should an indictment or accusation . . . lack **any**
particular fact which the laws ma[d]e esstential to the punsihment,'
it was treated as 'no accusation." <u>Erlinger</u>, 144 S. Ct. 1849 (quoting
<u>Haymond</u>, 588 U.S. at 642)  In other words, in a plea case the penalty
is controlled by what is expressly admitted not phrasing intended to
mean that a defendant would be subjected to a higher sentence than

plea allows.  <u>Erlinger</u> requires more.

That is, following <u>Erlinger</u> and the inclusion of the occasions
clause to be charged in the indictment and proved beyond a reasonable
doubt (or expressly admitted by a defendant), section 1963 and its
language (that provision's clause) and all that is required to increase
a penalty above the otherwise applicable statutory maximum must
comport with due process.  No one in this case contests that 18 U.S.C.
§ 1962 has a starting penalty of twenty-years.  It is what follows
that increases that penalty from the statutory maximum of 20-years to
a potential life-time of incarceration.  One of the facets to convict
under § 1962 is a "pattern of rackteering activity" and this it is this
element that controls the sentence udner § 1963.  Section 1963 has
a clause cited above that is relevant to whether a defendant may
be sentenced above the 20-years maximum:  "Or for life <u>**if**</u> the violation
is based on a racketeering act for which the maximum penalty includes
life."   18 U.S.C. § 1963(a).  After <u>Erlinger</u> it is critical to the
penalty whether one of these acts includes life, and therefore the
characteristics of those acts must be charged in the indictment and
determinied by a jury beyond a reasonable doubt (or expressly admitted
by the defenadnt).

For this case, the Government cites that Wilson admitted to the
three racketerring act listed in the plea agreement mentioned in the
plea colloquy.  There are facets of those acts that, following <u>Erlinger</u>
must also be charged and proved (or admitted by Wilson).  Since they
are the footing for the increased penalty whether one of those acts
"includes life" is as constitutionally important as any other factor

that increases the applicable statutory maximum.  While Wilson may

not argue as far as treating the racketeering scts as elements, but

whether one of them include life as a penalty is, a fortiori, a

factor that must be charged and admitted in a plea and at the plea

plea colloquy.  In the absence of such knowledge it cannot said that

was provided due process in light of Erlinger.  As the Supreme Court

observed in Apprandi:

> "Where a statute annexes a higher degree of punishment
> of a common-law felony, if committed under particular
> circumstances, an indictment of the offence, in order
> to bring the defendant within the higher degree, must
> expressly charge it to have been committed under
> those circumstances, and must state the circumstances
> with certainty and precision."

530 U.S. at 480 (quoting 2 M. Hale, Pleas of the Crown * 170).

For this case, the United States, instead of recognizing that

"[v]irtually any fact that increase[s] the prescribed range of

penalties to which a criminal defendant is exposed must be resolved

by a unanimous jury beyond a reasonable doubt (or freely admitted

in a guilty plea).  Erlinger, 144 S. Ct. at1851 (quoting Apprendi,

530 U.S. at 490:  Brief for the United States (as cited in Erlinger).

The Government's theory that the "phrasing" permitted this Court

to invoke § 1963 is simply not what the Apprendi line of cases

permit and it is not what the Constitution allows.  Put simply,

the Government's "phrasing" argument literally disregards every

Supreme Court decision since Apprendi and is not tolerated after

Erlinger.  The Government does not even attempt to suggest that it

charged § 1963(a), or that it was explained in the pela colloquy or

-7-

Wilson's plea.  As the <u>Erlinger</u> quoted: "These principles are not
procedural formalities but fundamental reservation[s] to the
American people."  144 S. Ct. 1850 (quoting <u>Blakely v. Washington</u>,
542 U.S. 296, 305-06 (2004)(internal quotation marks omitted))).
In other words, whether its the "proximity" lecation, whether they
"simimlar" or "intertwined" facts such whether "a racketeering act"
included life is such a fact that must be charged and proved beyond
a reasonable or would have to be expressly admitted by Wilson, not
simply "phrased" to comport with our Constitution.  The Government's
argument is not only unpersuasive, but cannot be sqaured with the
holding in <u>Erlinger</u>, and the sentnece in this case must be vacated
and Wilson sentenced to no more than twenty-years.  Counsel must be
if any further briefing is required and for his resenencing.

Filed this 28th day of August 2025 under the penalty of perjury.

Narik Wislon.

N. Wilson # 63724-050
FCI Hazelton
Po Box 5000
Bruceton mills, WV 26525

Legal Mail ( )

XRAYED

U S District of New Jersey
Office of the Clerk
Newark, N.J 07101

CS SEP 12 A 0:50

RECEIVED
CLERK
DISTRICT CO
N NEW JER E